U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JAN 10 AM 11:40

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTI LIETEAU | CIVIL ACTION |
| VERSUS | NO. 05-2793 |
| GOODWILL INDUSTRIES, SELA, INC. | SECTION "S" (3) |

### REPORT AND RECOMMENDATION

The matter is before the undersigned pursuant to an automatic referral. On July 8, 2005, plaintiff, Christi Lieteau, who is represented by counsel (Dele Akintade Adebaniji), filed the above captioned Title VII complaint alleging discriminatory discharge on account of her race and age. While summons was issued that date, it does not appear from a review of the record that the case has ever been served upon the defendant. To date, six months has elapsed and the record does not reflect that service was ever attempted.

The undersigned set the matter for a Fed. R. Civ. P. 4(m) call docket hearing on December 7, 2005 to determine the status of service and/or whether there was any good reason for the plaintiff's failure to serve the defendant in compliance with the aforesaid rule. Plaintiff's counsel's notice of the call docket hearing was mailed well in advance of the hearing and was not returned to the Court as undeliverable. Plaintiff did not oppose the rule to show cause in writing, request a continuance or make an appearance in court on December 7, 2005 before the undersigned Magistrate Judge, therefore the Court issued a report recommending dismissal of the

1



case for failure to prosecute.

Thereafter, on December 13, 2005, plaintiff filed a Motion for Extension of Time Within Which to Complete Service. The undersigned Magistrate Judge granted plaintiff's motion and ordered the plaintiff to file proof of service into the record on or before January 3, 2006, failing which a second report shall issue recommending dismissal of the case. A review of the record reveals that the plaintiff has yet to comply with this Court's order and that no effort has been made to comply with Rule 4(m).

Far more than one hundred twenty (120) days has elapsed since the captioned matter was filed. The rule requires that the Court to dismiss the claim if it is not served within one hundred twenty (120) days, absent a showing of *good cause* for the failure to comply with the dictates of rule. No such showing has been made in this case. In this case it appears that two months elapsed pre-Hurricane Katrina, without service having either been made or attempted. Moreover, thirty (30) days have elapsed since the last call docket hearing conducted in this case.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Christi Lieteau's Complaint be dismissed without prejudice for failure to serve the defendant within 120 days after the filing of the complaint pursuant to Fed. R. Civ. P. 4(m).

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

district court, provided that the party has been served with notice that such consequences will result form a failure to object. *Douglass v. United States Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 6th day of January, 2006.

                                             **DANIEL E. KNOWLES, III**
                                             **UNITED STATES MAGISTRATE JUDGE**